IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROBERT D. THOMPSON,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil No. RDB 12-2676 |
| : | |
| **NAVAL ACADEMY** : | |
| **ATHLETIC ASSOCIATION,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| : | |

...o0o...

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND SUBSTITUTE

This action arises out of an alleged contract between Plaintiff, the United States Naval Academy (USNA), and the Naval Academy Athletic Association (NAAA).

First, Defendant Michael H. Miller, a Vice Admiral in the United States Navy and Superintendent of USNA, has been improperly named as a Defendant. To the extent Plaintiff intended to bring a claim in either contract or tort, the only proper federal party would be the United States. 28 U.S.C. §§ 1346(a)(2), 2679(b)(1). Second, even if Plaintiff had properly named the United States as a party to this action, this Court does not have jurisdiction to hear the two enumerated counts, both of which purportedly seek damages "not sounding in tort" and exceeding $10,000. 28 U.S.C. §§ 1346(a)(2). In addition, the sovereign immunity of the United States has not been waived to allow the assertion, in Count I, of the Maryland Wage Payment and Collection Law. Id. Finally, to the extent the Complaint (filed *pro se*) colorably alleges any tort claim based on the act or omissions of Vice Admiral Miller, the Plaintiff has failed to exhaust the administrative requirements necessary to bring a claim against a federal employee under the Federal Tort Claims Act.

As more fully set forth below, this Court should terminate Vice Admiral Miller as a named defendant, substitute the United States as the federal defendant, and then dismiss all claims against the United States for lack of subject matter jurisdiction.

## I. Statement of Facts

Solely for purposes of this motion to dismiss, the United States will assume the allegations in the Complaint to be true.

The United States Attorney for the District of Maryland has certified that with respect to the events alleged in the Complaint, Vice Admiral Michael Miller was acting within the scope of his employment as an employee of the United States.  Exh. 1.

The United States Navy has verified that Plaintiff has filed no administrative tort claim based on the subject matter of this action.  Exh. 2.

## II. Legal Standards

**A.     Motion to Substitute**

A court "may at any time, on just terms, add or drop a party."  Fed.R.Civ.P. 21. Furthermore, when the Attorney General has certified that a defendant employee of the United States was acting within the scope of employment at the time of the incident out of which a tort claim arose, the action "shall be deemed an action against the United States" and "the United States shall be substituted as the party defendant."  28 U.S.C. § 2679(d)(1).

**B.     Motion to Dismiss**

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) raises the issue of "whether the court has the competence or authority to hear the case."  Davis v. Thompson, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  A federal court generally may not reach the merits of a case without first determining that it has jurisdiction over the claim in suit.  See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422,

430-431 (2007) (citing Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 93-102 (1998)). When a defendant moves to dismiss under Rule 12(b)(1), the plaintiff bears the burden of proving that subject matter jurisdiction exists. Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999) (citing Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). The requirement that the plaintiff establish subject matter jurisdiction "as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co., 523 U.S. at 94-95 (quoting Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 382 (1884)). For that reason, "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(b)(1)).

When a defendant challenges subject matter jurisdiction, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans, 166 F.3d at 647 (quoting Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768). That is, upon a Rule 12(b)(1) motion, "the court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" Khoury v. Meserve, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted), aff'd, 85 Fed. Appx. 960 (4th Cir. 2004). The court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." Davis, 367 F. Supp. 2d at 799 (citing Crosten v. Kamauf, 932 F. Supp. 676, 679 (D. Md. 1996)).

3

### III.     Argument

Plaintiff has not stated a claim against the United States or its employee Vice Admiral Michael Miller that this Court has jurisdiction to hear. All claims against the United States and Vice Admiral Miller should be dismissed.

**A. Vice Admiral Miller is not a proper party to this lawsuit under any of the various theories suggested by the Complaint, and should be terminated as a Defendant.**

The Complaint contains formal counts sounding in Maryland's Wage Payment Law (Count I) and contract (Count II). In addition, some of the allegations of the (then) *pro se* Complaint are suggestive of tort. See, e.g., Compl. ¶ 32 & Relief Requested ¶ 3. Vice Admiral Miller would not be a proper Defendant under any of these counts, and should be dismissed from the case.

First, assuming arguendo that the contract asserted by the Plaintiff were valid, the United States has not waived its sovereign immunity to be sued under the Maryland statute asserted by Plaintiff, so Vice Admiral Miller could not be subject to suit under that statute in his official capacity. Nor does it make sense that Vice Admiral Miller in his individual capacity be deemed the "employer" in a purported professional services contract between, as the Complaint alleges, a federal governmental agency and a marketing professional. See Compl. ¶ 14.

Second, the Little Tucker Act, 28 U.S.C. § 1346(a)(2), only permits a "claim against the United States" in contract, not an agency of the United States or the head of that agency. Furthermore, there is no allegation that Vice Admiral Miller, as an individual, is a party to any contract with Plaintiff. The Complaint alleges that "Plaintiff entered into a contract [] with USNA and NAAA to provide a range of marketing services to both entities." Compl., ¶ 14. Accordingly, Vice Admiral Miller is not a proper party to the contract count.

Third, the Complaint contains no formal claim in tort, but given that the Complaint was filed *pro se*, out of caution, the United States Attorney has certified that Vice Admiral Miller was at all relevant times acting within the scope of his employment with the United States. See Exh. 1. Accordingly, pursuant to 28 U.S.C. § 2679(d)(1), any colorable tort claim suggested by the Complaint should be deemed one against the United States, and the United States should be substituted as the party defendant instead of Vice Admiral Miller.

### B. This Court Has No Jurisdiction Over the Maryland Wage Payment Claim against the United States.

Count I of the Complaint alleges a violation of the Maryland Wage Payment and Collection Law. See Md. Code Ann., Lab. & Employ, §§ 3-501 *et seq*. Count I baldly asserts that Vice Admiral Miller, "representing USNA" and thus the federal government, is subject to direct suit based on this Maryland law. See Compl. ¶ 36. Neither the United States nor its agencies are subject to a claim under this Maryland state statute. See McCulloch v. Maryland, 17 U.S. (4 Wheat.) 316, 395-6 (1819) ("If congress has power to do a particular act, no state can impede, retard or burden it."); U.S. CONST., ART. VI, cl. 2. Plaintiff has not pointed to any waiver of sovereign immunity that would permit such a claim, nor is there any. United States v. Sherwood, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued."). This claim should be dismissed with prejudice.

### C. This Court Has No Jurisdiction Over Plaintiff's Contract Claim.

Federal district courts have original jurisdiction over a "civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2). Assuming only for purposes of this motion to dismiss that a contract existed between the United States and Plaintiff, each specification in Plaintiff's prayer for relief far exceeds $10,000 in amount. See Compl. at 7.

5

Accordingly, this Court does not have jurisdiction over Plaintiff's purported contract claim against the United States.

### D. The Plaintiff Has Not Met the Jurisdictional Requirements for a Tort Claim Against the United States.

Before filing a tort claim against the United States, a plaintiff must file an administrative claim with the appropriate federal agency.  28 U.S.C. § 2675(a).  The administrative exhaustion requirement "is jurisdictional and may not be waived."  Kokotis v. United States Postal Service, 223 F.3d 275, 278 (4th Cir. 2000).  As the allegations of the Complaint involve the United States Naval Academy and the Superintendent of the United States Naval Academy, the appropriate federal agency in this case would be the United States Navy.  However, Plaintiff has not filed an administrative tort claim with the Navy based on the subject matter of this action.  See Exh. 2, Declaration of Patricia A. Leonard, at 2.  Therefore, to the extent that any of the allegations of the *pro se* Complaint regarding Vice Admiral Miller could be construed as sounding in tort under Maryland law, Plaintiff has not exhausted the administrative requirements to bring such a claim.  This Court does not have jurisdiction to hear any tort claim against the United States.

### IV.   Conclusion

Because he is not a proper party to this suit, the United States requests that Vice Admiral Michael H. Miller, USN, be terminated as a defendant in this case and that the United States be substituted in his place.  Furthermore, the United States requests that the Court dismiss all claims against the United States, whether under Maryland statute, contract law, or tort law, because this Court does not have jurisdiction to hear them.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

_____/s/_____

Joseph R. Baldwin
Assistant United States Attorney
Federal Bar No. 29290
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
410-209-4892 (t); 410-962-9947(f)
Joseph.Baldwin@usdoj.gov