IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT D. THOMPSON, | : |
| Plaintiff, | : |
| v. | : Civil No. RDB 12-2676 |
| NAVAL ACADEMY ATHLETIC ASSOCIATION, *et al.*, | : |
| Defendants. | : |

...o0o...

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS AND SUBSTITUTE

### PRELIMINARY STATEMENT

Plaintiff, Robert D. Thompson ("Plaintiff") submits this Memorandum of Law in opposition to the Motion to Dismiss and Substitute of the Defendant Vice Admiral Michael H. Miller, USN. ("Miller"), Superintendent of the United States Naval Academy ("USNA").

### STATEMENT OF FACTS

Plaintiff filed Complaint ("Complaint") in the United States District Court for the District of Maryland on September 7, 2012 naming Miller as a Defendant with Chester S. Gladchuk, Jr. ("Gladchuk") and the Naval Academy Athletic Association ("NAAA"). The United States Attorney for the District of Maryland has now certified that with respect to the events alleged in the Complaint, Miller was acting within the scope of his employment as an employee of the

1

United States.  Defendant filed a Motion to Dismiss and Substitute on November 20, 2012. [1]

## MOTION TO SUBSTITUTE

Plaintiff concedes that because the United States Attorney has certified that Miller was acting within the scope of his employment at the time of the breach of Plaintiff's Contract, as described in the Complaint, " the United States shall be substituted as the party Defendant." 28 U.S.C. §2679(d)(1).

## MOTION TO DISMISS

Defendant argues that this Court does not have jurisdiction to hear the two enumerated counts. *Dismiss and Substitute MOL page 4-6.*

**Contract Claim**

   **Miller Party to Contract**

Defendant argues Miller is not a party to the Contract.  However, a person may be deemed an agent based on actual authority or apparent authority.  Actual authority exists only when "the principal knowingly permits the agent to exercise the authority or holds out the agent as possessing it." H*oma v. Friendly Mobil Manor 93 MD. App. at 360, 612 A.2d 322.* Actual authority may be express or implied. *See Medical Mut. Liab. V. Mutual Fire, 37 Md. App. 706, 712, 379 A.2d 739 (1977) ("*The relation of principal and agent does not necessarily depend upon an express appointment and acceptance thereof, but it may be implied from the words and conduct of the parties and the circumstances.") *See also Helsop v.Dieudonne, 209 Md. 201,206, 120 A.2d 669 (1956)*.

Here, the Contract was executed by the USNA Deputy for Finance who reports

---

[1] We respond directly, where appropriate, to specific pages of  Memorandum of Law, hereinafter referred to as ("Dismiss and Substitute MOL")

to the Superintendent. The Contract was terminated by the Acting Deputy for Finance who also reported to the Superintendent. *See Complaint #24.* Clearly, both officials were acting with the authority of the Superintendant, who was acting in the scope of his employment as an employee of the United States.

"Apparent authority is defined as the power to affect the legal relations of another person by transactions with a third person arising from the other persons manifestations to the third person. Thus, apparent authority of an agent results from statements, conduct, lack of ordinary care, or other manifestations of the principal's consent, whereby a third person is justified in believing that the agent is within his authority. Apparent authority may be implied where the principal passively permits the agent to appear to a third person to have authority to act on his behalf." *Homa 93 MD. App. at 360, 612 A.2d 322. (quoting) 3 Am. Jur. 2d Agency.*

"The party seeking to rely on the agency relationship based upon apparent authority must establish (1) that the principal has manifested his consent to the exercise of his authority or has knowingly permitted the agent to assume the exercise of such authority; (2) that the third person knew of the facts and, acting in good faith, had reason to believe, and did actually believe, that the agent possessed such authority; and (3) that the third person, relying on such appearances of authority has changed his position and will be injured or suffer loss if the act done or transaction executed by the agent does not bind the principal." H*oma v. Friendly Mobil Manor 93 MD. App. at 360, 612 A.2d 322.*

Plaintiff Thompson risked his career trusting that the principals, including Superintendent Miller, were acting in good faith and would stand honorably behind the authority delegated and ratified. Whether the contract was executed with actual or apparent authority is a fact for the jury to decide.*"* [T]he existence of an agency relationship is a question of fact. *Helsop, 209 Md. 201,206, 120 A.2d 669 (1956)*

As noted in Progressive Casualty Insurance Company v. Ehrhardt " even if the underwriter acted completely without authority, Progressive can nevertheless be liable if it ratifies the agent's conduct." 69 Md. App. 431, 44, 518 A.3d 151,156 (citing Linden Holmes v. Larkin, 231 Md. 566, 570. 191 A.2d 441, 442 (1963); Bruffey Contracting Co. v. Burroughs Corp., 522 F.Supp. 769, 774 (D. MD. 1981), affd. 681 F.2d 812 (4th Cir. 1982); Restatement (Second) Agency 93 (1958); 2 Am. Jur.2d, Agency 182, at 683-84 (1986)   "Intention to ratify may be inferred by words, conduct or silence on the part of the principal."  *Id. at 442.*

The Contract took into account the ""vital role Thompson has played in first proposing and then drafting the marketing strategy  and the sales presentations that ultimately produced the 10-year/ 8-figure first-ever Presenting Sponsorship for the Army-Navy Football Game (USAA)  and the first-ever multi-year Participating/ Gold Sponsor of the Game (GM)." *MOL Exhibit 1.*  Even though the defendant so abrasively terminated both the relationship and the Contract, the benefits of Plaintiff's efforts are enduring.  **Exhibit 1** *(TV Articles);*  **Exhibit 2** *(USA TODAY).*  Obviously, the Superintendent of the Naval Academy was aware of and ratified the Contract, and continues to enjoy ongoing and increasing benefits accruing from the Contract.

**Sovereign Immunity**

Under Maryland law the defense of sovereign immunity may not be raised in contract action based on a written contract executed within the scope of authority of the signer. *MD. Code, State Government §12-201. Limitation on sovereign immunity defense.*

**Jurisdiction**

The District Court has original jurisdiction when the United States is a Defendant.  *FRCP §1346(a)(2)).*  Plaintiff has alleged a breach of Contract in Complaint.  While Plaintiff's Contract claim against the United States supports Federal Court jurisdiction there is no independent basis of subject matter jurisdiction over the state law case against NAAA and Gladchuk.

4

However, when a federal law claim and a related state law claim have a "common nucleus of operative facts" *United Mine Workers v. Gibbs 383 US 725 1966 at 725* joinder is based on transactional relatedness. Here Plaintiff has asserted additional parties, Defendants Gladchuk and NAAA, jointly participated in the breach of Plaintiff's Contract. (*Complaint #12 –16*). See *Memorandum of Law in Opposition to FRCP MOL Exhibit §12(b)(6) Motion for Partial Dismissal.*

**Contract Claim Exceeds $10,000**

Normally United States Court of Federal Claims would hear contract disputes against the United States over $10,000. *FRCP §1346(a)(2).* Here the removal is not possible because Gladchuk and NAAA are purportedly not Government Agencies and therefore cannot be held liable in Federal Claims Court. Under *28 U.S.C. §1367* "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

The incestuous relationship between USNA and NAAA, which is central to the instant case, not only calls for joinder but raises serious question as to whether all parties are, in practice or fact, governmental and therefore requiring jurisdiction in the Federal Claims Court. For example: Defendant Gladchuk reports directly to USNA Superintendent Miller and therefore to the United States; **Exhibit 3** *What is The Naval Academy Athletic Association? www.navysports.com/ot/what-is-Naaa.* The Director of Athletics has a direct reporting line to the Superintendent; *Id. Eighth para.* The NAAA operates and maintains the Navy-Marine Corps Memorial Stadium and the Naval Academy Golf Course; *Id. Eleventh para*. The Superintendent hires and has oversight of the Director of Athletics who also serves as the President of NAAA;

*Id. The Constitution Article 5 Section 5.4.* We leave it to this Honorable Court to offer guidance governing this unusual circumstance.

**Tort Claim**

Federal Tort Claim Act ("FTCA") does not apply for contracts.

## CONCLUSION

"The Naval Academy holds itself to high standards of honor". *www. usna.edu/ honorconcept.*

Respectfully submitted,

Timothy M. Cohane

_____

Timothy M. Cohane
Attorney for Plaintiff
106 Harrison Avenue
Newport, Rhode Island 02840
(401) 855-5106