IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROBERT D. THOMPSON,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | :   Civil No. RDB 12-2676 |
| | : |
| **NAVAL ACADEMY** | : |
| **ATHLETIC ASSOCIATION,** *et al.*, | : |
| | : |
| **Defendants.** | : |
| | : |

...o0o...

## REPLY IN SUPPORT OF MOTION TO DISMISS AND SUBSTITUTE

There is no basis for individually suing Vice Admiral Miller in contract for an action that Plaintiff alleges is premised on a contract with the United States. Vice Admiral Miller would not be liable for contract promises made by the United States, even assuming there were any. Furthermore, Plaintiff has effectively disclaimed any tort action, including against Vice Admiral Miller. (See Pl. Br. at 6.) Ultimately, Plaintiff concedes that the United States should be substituted for Vice Admiral Miller, albeit in the context of a tort statute. (See Pl. Br. at 2.) Accordingly, Vice Admiral Miller should be dismissed from this action as a party Defendant, and the United States should be substituted in his stead.

With respect to the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Plaintiff misses the point. The question before this Court is not one of apparent authority or ratification or any other indirect method of finding liability in contract. (See Pl. Br. at 2-4.) Nor does it have anything to do with Maryland statutes limiting that state's sovereign immunity. (See Pl. Br. at 4.) A tortured theory that USNA and NAAA are both entities of the United States also would not save Plaintiff's claims against the United States before this Court.

(See Pl. Br. at 5-6.)  Rather, assuming, for the sake of argument, that there was a contract with the United States only for purposes of this Rule 12(b)(1) motion, would this Court have jurisdiction to hear the asserted claims against the United States seeking damages of more than $10,000?  The answer is no under 28 U.S.C. § 1346(a)(2).

Furthermore, a claim simply does not lie against the United States premised on the Maryland Wage Payment statute.  See USA Op. Br.

## Conclusion

Because he is not a proper party to this suit, the United States requests that Vice Admiral Michael H. Miller, USN, be terminated as a defendant in this case and that the United States be substituted in his place.  Furthermore, the United States requests that the Court dismiss all claims against the United States, whether under Maryland statute, contract law, or tort law, because this Court does not have jurisdiction to hear them.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

_____/s/_____
Joseph R. Baldwin
Assistant United States Attorney
Federal Bar No. 29290
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
410-209-4892 (t); 410-962-9947(f)
Joseph.Baldwin@usdoj.gov